The Honorable Billy Joe Purdom State Representative Route 1, Box 135B Yellville, Arkansas 72687-9728
Dear Representative Purdom:
This official Attorney General opinion is rendered in response to a question you have raised concerning the power of the county quorum court. You have asked:
 Does the quorum court have the power to pass an ordinance to establish the criteria for issuing credit for ad valorem property taxes paid in excess of the 1994 appraised value, during the 1997 calendar year?
Although this question touches upon issues related to legislation affecting Amendment 59 of the Arkansas Constitution that are currently in litigation and upon which I am not at liberty to opine, it does raise a general question regarding the jurisdiction and authority of the quorum court that is not in litigation. I will therefore address the general question.
It is my opinion that although a credit for ad valorem taxes such as the one you have described can be created for the benefit of taxpayers, the quorum court does not have the authority to create it.
State law repeatedly prohibits quorum courts from taking action that is contrary to or inconsistent with state law. For example, A.C.A. §14-14-805, which sets forth the powers that are expressly denied to counties, states:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
(13) Any legislative act contrary to the general laws of the state.
A.C.A. § 14-14-805(13).
Similarly, A.C.A. § 14-14-801, which states the powers that are granted to counties, allows counties to exercise only power that is "not inconsistent with law." A.C.A. § 14-14-801(13).
In addition, A.C.A. § 14-14-808 provides:
14-14-808. Consistency with state regulations required.
 (a) A county government exercising local legislative authority is prohibited the exercise of any power in any manner inconsistent with state law or administrative regulation in any area affirmatively subjected by law to state regulation or control.
 (b) The exercise of legislative authority is inconsistent with state law or regulation if it establishes standards or requirements which are lower or less stringent than those imposed by state law or regulation.
 (c) An area is affirmatively subjected to state control if a state agency or officer is directed to establish administrative rules and regulations governing the matter or if enforcement of standards or requirements established by statute is vested in a state officer or agency.
A.C.A. § 14-14-808.
All aspects of ad valorem property taxes, including amounts paid and the appraised values upon the basis of which amounts due should be calculated, are matters governed by state law. See Ark. Const., art. 16; A.C.A. §§ 26-25-101 et seq.
Moreover, the subject of ad valorem taxation is an area that is "affirmatively subjected to state control" within the meaning of A.C.A. § 14-14-808, in that a state agency is directed to establish administrative rules and regulations governing it, and in that the enforcement of the statutory standards and requirements is also vested in a state agency. See A.C.A. § 26-24-102; A.C.A. § 26-24-107.
Therefore, if a county enacts an ordinance touching upon matters of ad valorem taxation, it must do so in a manner that is not contrary to or inconsistent with state law.
In my opinion, an ordinance that establishes criteria for issuing credit for ad valorem property taxes paid in excess of the 1994 appraised value during the 1997 calendar year would appear to go beyond the area in which quorum courts are allowed by state law to legislate, and would therefore not be consistent with state law, as required. No state law or administrative rule or regulation grants such a credit for ad valorem taxes, nor does any state law or administrative rule or regulation authorize county quorum courts to grant such credits, or to determine a different appraised value upon the basis of which amounts due should be calculated. Therefore, an ordinance that does so would be establishing a standard or requirement which is lower or less stringent than that imposed by state law or regulation. Accordingly, such an ordinance, if challenged, could be viewed by a court as either contrary to or inconsistent with state law.
For these reasons, I must conclude that a quorum court cannot legally enact such an ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh